Geno H. BARBER, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 28995

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 6, 1970.

———◆———

Geno H. Barber, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ Geno H. Barber appeals pro se from the denial of his petition to recover property allegedly lost or misplaced by officials at the United States Penitentiary, Atlanta, Georgia.[1] We affirm the judgment of the District Court.

Barber is presently incarcerated at the Federal Penitentiary in Atlanta. In the District Court he filed a petition to recover certain papers in a folder marked "Appeal" which he allegedly needed to prepare an appeal now pending. He alleged that the papers were lost or misplaced by an associate warden when petitioner was transferred to the Marion institution in Marion, Illinois. The District Court required a return and answer by the United States. Attached to this return was an affidavit of the associate warden accused by Barber. The affidavit stated that the warden had inquired of other officials and a former cellmate of Barber's but had no knowledge of where the papers were. On the basis of the affidavit the District Court denied relief.

■ We conclude that the District Court did not err. It appears that Barber's papers have disappeared through no fault of officials at the Atlanta penitentiary. It does not appear that Barber has an appeal pending that concerns those papers. As the District Court stated, "Any further complaint should be directed to the Bureau of Prisons. Any court in which petitioner's appeal is pending would grant an extension to obtain copies of the 'missing' papers."

Affirmed.

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir. R. 18.